James C. Fessenden (SBN 238663)
    E-Mail: jfessenden@fisherphillips.com
Jason A. Fischbein (SBN 314701)
    E-Mail: jfischbein@fisherphillips.com
Jasmine M. Samuels (SBN 334202)
    E-Mail: jsamuels@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive
Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendants
Circuit Transit Inc. and Alexander Esposito

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA FAKHREDDINE,<br><br>             Plaintiff,<br><br>      v.<br><br>CIRCUIT TRANSIT INC., ALEXANDER ESPOSITO, and DOES 1 to 100, inclusive,<br><br>             Defendants. | CASE NO.: 2:25-cv-3150<br>*Unlimited Jurisdiction*<br><br>**DEFENDANTS' NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>Complaint Filed:     February 11, 2025<br>Trial Date:            Not Set |

FP 54146605.1

# TABLE OF CONTENTS

I.     STATEMENT OF JURISDICTION...................................................................1

II.    VENUE ...........................................................................................................1

III.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL.......................1

IV.    THE UNANIMITY REQUIREMENT IS SATISFIED..................................3

V.     REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD ...................3

VI.    GROUNDS FOR REMOVAL ........................................................................3

    A.     Removal is Warranted Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendants ........................................................3

        1.     Citizenship of Plaintiff .................................................................3

        2.     Citizenship of Defendant Circuit Transit Inc.................................4

        3.     Citizenship of Defendant Alexander Esposito .................................5

        4.     Citizenship of DOES 1-100 ...........................................................5

VII.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00...........................5

    A.     General Economic Damages ............................................................8

    B.     General Damages, Including Emotional Distress .................................9

    C.     Attorneys' Fees...............................................................................10

    D.     Punitive Damages ...........................................................................10

    E.     Plaintiff's Settlement Demand ........................................................11

VIII.  THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET................................12

IX.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFFS..........................12

FP 54146605.1

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. R&H Oil & Gas Co.*,
  63 F.3d 1326 (5th Cir. 1995) ........................................................................10

*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*,
  465 F.2d 489 (9th Cir. 1972) ..........................................................................7

*Briggs v. Serv. Corp. Int'l*,
  653 F.Supp.3d 839 (W.D. Wash. 2023) .......................................................12

*Castanon v. Int'l Paper Co.*,
  2016 WL 589853 (C.D. Cal. Feb. 11, 2016) ..................................................7

*Cohn v. Petsmart, Inc.*,
  281 F.3d 837 (9th Cir. 2002) ........................................................................11

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  135 S.Ct. 547 (2014)....................................................................................3, 6

*Dunn v. Allstate Insurance Co.*,
  1997 WL 813002 (S.D. Cal. Dec. 15, 1997) ................................................10

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
  307 F.3d 997 (9th Cir. 2002) ........................................................................10

*Forer vs. St. Luke's Hospital*,
  2001 WL 558058 (N.D. Cal. Mar. 21, 2001) .................................................9

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) .....................................................................6, 7

*Hardy v. Square D Co.*,
  199 F.Supp.2d 676 (N.D. Ohio 2002) ..........................................................12

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010)....................................................................................4

*Kanotor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ........................................................................3

FP 54146605.1

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,
  199 F.Supp.2d 993 (C.D. Cal. 2002) ................................................................7

*Kramer v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ...........................................................................3

*Kroske v. U.S. Bank Corp.*,
  432 F.3d 976 (9th Cir. 2005) ...........................................................................7

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ...........................................................................4

*Marcel v. Pool Co.*,
  5 F.3d 81 (5th Cir. 1983) ................................................................................10

*Marroquin v. Wells Fargo, LLC*,
  2011 WL 476540 (S.D. Cal. Feb. 3, 2011)......................................................3

*Mondragon v. Capital One Auto Fin.*,
  736 F.3d 880 (9th Cir. 2013) ...........................................................................3

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (11th Cir. 1999) .........................................................................2

*Newcombe v. Adolf Coors Co.*
  157 F.3d 686 (9th Cir. 1998) ...........................................................................5

*Ontiveros v. Michaels Stores, Inc.*,
  2013 WL 815975 (C. D. Cal. March 5, 2013)..................................................9

*Parker-Williams v. Charles Tini & Associates, Inc.*,
  53 F.Supp.3d 149 (D.D.C. 2014)................................................................6, 10

*Richmond v. Allstate Insurance Co.*,
  897 F.Supp. 447 (S.D. Cal. 1995)..................................................................10

*Rodriguez v. AT & T Mobility Servs. LLC*,
  728 F.3d 975 (9th Cir. 2013) ...........................................................................6

*Rodriguez v. Home Depot, USA, Inc.*,
  2016 WL 3902838 (N.D. Cal. July 19, 2016) ..................................................7

*Roth v. Comerica Bank*,
  799 F.Supp.2d 1107 (C.D. Cal. 2010) .............................................................7

FP 54146605.1

*Sanchez v. Monumental Life Ins. Co.*,
102 F.3d 398 (9th Cir. 1996) ..................................................................................6

*Saulic v. Symantec Corp.*,
2007 WL 5074883 (C.D. Cal. Dec. 26, 2007)..........................................................6

*Simmons v. PCR Tech.*,
209 F.Supp.2d 1029 (2002) ..................................................................................7, 9

*Singer v. State Farm Mutual Auto. Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) ..................................................................................6

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994) ..................................................................................3

**California Cases**

*Andrews vs. Hansa Stars Inc.*,
2009 WL 1587809 (Cal.Super. Apr. 16, 2009) ......................................................9

*Commodore Home Sys., Inc. v. Super. Ct.*,
32 Cal.3d 211 (Cal. 1982)......................................................................................8

*Hogan v. Archdiocese of Los Angeles*,
2001 WL 803303 (Cal.Super.Ct. 2001)................................................................11

*Ko v. Square Group, LLC*,
2014 WL 3542221 (Sup. Ct. Cal. June 16, 2014) ................................................11

*Rabago-Alvarez v. Dart Industries, Inc.*,
55 Cal.App.3d 91 (1976) ........................................................................................8

*Silverman vs. Stuart F. Cooper Inc.*,
2013 WL 5820140 (Cal.Super. July 19, 2003)........................................................9

*Songco v. Century Quality Management, Inc.*,
1997 WL 682397 (Cal.Super. Oct. 1997)..............................................................11

*Stevens v. Von Companies, Inc.*,
2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006)....................................................11

FP 54146605.1

**Federal Statutes**

28 U.S.C.
    § 84(b) ...........................................................................................................1
    § 1332(a) ......................................................................................................1, 5
    § 1332 (a)(1) ...................................................................................................3
    § 1332(c) .........................................................................................................4
    § 1391 .............................................................................................................1
    § 1441 .............................................................................................................1
    § 1441(a) ......................................................................................................1, 5
    § 1441(b) .........................................................................................................1
    § 1446 ...........................................................................................................12
    § 1446(a) ..................................................................................................1, 3, 12
    § 1446(b) ................................................................................................1, 2, 3, 12
    § 1446(b)(3) .....................................................................................................2
    § 1446(d) .......................................................................................................12

**California Statutes**

California Code of Civil Procedure
    § 415.30(c) ......................................................................................................2

California Labor Code
    § 1102.5 ...........................................................................................................2

**Other Authorities**

Federal Rules of Civil Procedure Rule 8(a) ............................................................3

FP 54146605.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF DANA FAKHREDDINE, AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. sections 1332(a), 1441(b) and 1446(b), Defendants Circuit Transit Inc. and Alexander Esposito ("Defendants") remove the above-entitled action from the Los Angeles Superior Court of the State of California to the United States District Court for the Central District of California.

In support of removal, Defendants state as follows:

## I.   STATEMENT OF JURISDICTION

1.   This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00. Pursuant to U.S.C. § 1446(b), this notice of removal is filed within 30 days after the receipt by the defendant and includes a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## II.   VENUE

2.   Pursuant to 28 U.S.C. section 1441(a), venue is proper in this Court because it is the "district and division embracing the place where such action is pending." This action was filed in the California Superior Court for the County of Los Angeles. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(b), 1391, and 1441.

## III.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3.   On February 11, 2025, Plaintiff DANA FAKHREDDINE ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled, *Dana Fakhreddine v. Circuit Transit Inc., Alexander Esposito, and DOES 1 through 100, inclusive*, Case No. 25STCV04013, (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Jason

A. Fischbein ("Fischbein Decl."), ¶ 2. The allegations of the Complaint are incorporated by reference in this Notice of Removal without admission of or agreement to the truth of any of them.

4.     Plaintiff's Complaint asserts causes of action for: (1) discrimination on the basis of sex/gender, including pregnancy in violation of FEHA; (2) harassment on the basis of sex/gender, including pregnancy in violation of FEHA; (3) discrimination for requesting/taking CFRA leave in violation of FEHA; (4) retaliation for requesting/taking CFRA leave in violation of FEHA; (5) failure to prevent discrimination and retaliation; (6) violation of Labor Code section 1102.5; (7) retaliation for complaining of discrimination, harassment, and retaliation in violation of FEHA; (8) wrongful constructive termination in violation of public policy (Labor Code § 1102.5. FEHA); and (9) intentional infliction of emotional distress. *See* Fischbein Decl., Exhibit A, pgs. 14–25.

5.     On February 19, 2025, Plaintiff's counsel served a copy of the Summons and Complaint and related papers on Defendants' counsel via Notice and Acknowledgement of Receipt ("NAR"). *See* Fischbein Decl., ¶3. On March 11, 2025, Defendants' counsel timely signed and returned the NAR to Plaintiff's counsel. *Id.* Accordingly, the removal is timely under 28 U.S.C. § 1446(b).

6.     The Complaint **(Exhibit A)**, Summons and Proof of Service of Summons and **NARs (Exhibit B)** are the only pleadings, process, or orders that have been served upon Defendants. *See* Fischbein Decl., ¶4.

7.     This Notice of Removal is timely filed because it is filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. See 28 U.S.C. § 1446(b)(3); see also *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (11th Cir. 1999). Service of the summons is deemed complete on the date the acknowledgement of receipt of summons is executed pursuant to Code of Civil Procedure 415.30(c). In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## IV.    THE UNANIMITY REQUIREMENT IS SATISFIED

8.    28 U.S.C. § 1446(b) requires all defendants who have been properly joined and served to consent to removal. Defendant Circuit Transit Inc. has been informed that Alexander Esposito, consents to removal. *See* Fischbein Decl., ¶7. Therefore, the unanimity requirement is satisfied.

## V.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

9.    In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). Accordingly, such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Id.*; 28 U.S.C. § 1446(a). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of evidence standard. *Dart Cherokee* at 553-554.

## VI.    GROUNDS FOR REMOVAL

### A.    <u>Removal is Warranted Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendants</u>

#### 1.    *Citizenship of Plaintiff*

10.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In fact, it is presumed that a natural person's

residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

11.   In Paragraph 1 of her Complaint, Plaintiff asserts that she is a resident of the County of Los Angeles. *See* Fischbein Decl., **Exhibit A**, Compl. ¶ 2. Nothing in the Complaint or other pleadings suggests anything other than Plaintiff being a resident of California. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

### 2.   *Citizenship of Defendant Circuit Transit Inc.*

12.   For purposes of diversity jurisdiction, a corporation's citizenship may be dual, in that a corporation may be deemed a citizen of every state by which it has been incorporated *and* of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). However, the citizenship of a corporation is a corporation's "principal place of business" or "nerve center," which is normally its corporate headquarters. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010). A corporation's "principal place of business" or "nerve center" refers to the place where a corporation's board and high-level officers direct, control and coordinate its activities. *Id*. at 1186, 1192.

13.   A corporation merely doing business within the forum state is not enough to establish the corporation's "principal place of business" or "nerve center" for purposes of diversity jurisdiction or removal purposes. *Id*. at 1194 ("if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York.").

14.   Defendant Circuit Transit Inc. is a citizen of Florida, as Circuit is incorporated in Florida and has its principal place of business in Fort Lauderdale, Florida. Declaration of James Mirras ("Mirras Decl."), ¶3. Moreover, Defendant Circuit's "principal place of business" and "nerve center" are located within the state of Florida. *See Id*. Circuit maintains its corporate headquarters in Fort Lauderdale, Florida. *Id*. High level officers of Circuit work, direct, control, and coordinate activities of Circuit out of Florida and New York. Indeed, Members of Circuit's senior executive team work out of Circuit's corporate

headquarters in Fort Lauderdale, Florida and Circuit's satellite office in New York. *Id*. In addition to conducting executive meetings in Florida and New York, these officers primarily perform their day-to-day job duties in Florida and New York, including controlling, directing and coordinating the activities of Circuit. *Id*.

15.    Thus, for purposes of establishing diversity jurisdiction and this action for removal, Defendant Circuit is a citizen of Florida, not California.

### 3.    Citizenship of Defendant Alexander Esposito

16.    Alexander Esposito is the Co-President of Circuit and works out of Circuit's headquarters located in Fort Lauderdale, Florida.

17.    Plaintiff incorrectly asserted in her Complaint that Defendant Esposito is a resident of the County of Los Angeles.

18.    At all relevant times, Defendant Esposito was a citizen of Florida as he resides in West Palm Beach, Florida. Declaration of Alexander Esposito (hereinafter "Esposito Decl."), at ¶ 3. Accordingly, Defendant Esposito is domiciled in and is a citizen of the State of Florida.

### 4.    Citizenship of DOES 1-100

19.    The Complaint also names as Defendants DOES 1 through 100 ("Doe Defendants"). The Doe Defendants named in the Complaint are not considered in assessing diversity. *See*, *e.g.*, *Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

## VII.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

20.    Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

21.    Plaintiff's Complaint does not identify the amount in controversy in-full for this action. However, the $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014). A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

22.    Plaintiff does not specify a total damage sum in her Complaint. Accordingly, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendants, however, are not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer*, 116 F.3d at 377. Notwithstanding the fact that Plaintiff fails to specify the dollar amount of damages being sought in the Complaint, the allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Economic damages, non-economic damages, general damages, punitive damages and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

23.    Defendants adamantly deny Plaintiff's allegations, deny any liability, and deny Plaintiff has suffered any damages. Nevertheless, in assessing the amount in

controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). Essentially, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

24.   In the instant case, Plaintiff alleges nine causes of action seeking recovery of general economic damages, general non-economic damages, special damages, penalties where provided by law, punitive damages, prejudgment interest, post judgment interest, attorneys' fees, costs of suit, and other further relief as deemed just and proper. Fischbein Decl., **Exhibit A**, Compl., Prayer. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, injunctive relief, and attorneys' fees).

/ / /

25.   Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

### A.   General Economic Damages

26.   Plaintiff alleges that as a result of Defendants' conduct, she is entitled to general economic damages. *See*, *e.g.*, Fischbein Decl., **Exhibit A**, Compl., Prayer at p.25. Under California's Fair Employment and Housing Act, Cal. Gov't Code section 12926, *et seq.*, all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 32 Cal.3d 211 (Cal. 1982). On or around May 30, 2023, Plaintiff began her employment with Circuit as a part-time Business Development Coordinator earning an annual salary of $50,000. Fischbein Decl., **Exhibit A**, Compl. ¶ 7. Plaintiff's annual salary subsequently increased to approximately $100,000 on or around July 1, 2023. (*Id.*)  This amounts to approximately $8,333.33 average monthly pay,[1] not including benefits.

27.   Plaintiff makes no allegation in her Complaint that she has found other work, let alone work that pays the same compensation that she previously received from Defendant. Thus, Plaintiff is seeking approximately 17 months of lost wages from the time of his termination in September 2023 to the filing of the Complaint in February 2025 and this claim will continue to accrue during the pendency of this litigation. Therefore, assuming it takes approximately 12 more months before this matter is resolved by trial, Plaintiff will claim approximately 29 months of lost wages, or $241,666.57 ($8,333.33 per month x 29 months). However, Plaintiff's claimed lost wage damages do not end there. Plaintiff may also be entitled to "front pay" damages in the form of potential future lost wages beyond even the date of trial, to compensate Plaintiff for lost future expected earnings had the alleged unlawful termination not occurred. Such damages can include pay for multiple years of employment. *See, e.g., Rabago-Alvarez v. Dart Industries, Inc.*, 55

---

[1] This calculation is based on the rate of $48.08 per hour and assumes Plaintiff worked for 8 hours five days a week, as alleged in paragraph 7 of the Complaint, for four weeks in each month.

DEFENDANTS' NOTICE AND PETITION OF REMOVAL OF ACTION

FP 54146605.1

Cal.App.3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages). Even assuming Plaintiff only obtains 3 years of front pay damages, this would amount to an additional $300,000.00.

### B.    General Damages, Including Emotional Distress

28.    Plaintiff also seeks an unspecified amount of general non-economic damages. Fischbein Decl., **Exhibit A**, Compl., Prayer ¶ 1. Plaintiff specifically alleges "[a]s a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress." Fischbein Decl., **Exhibit A**, Compl., ¶¶ 69-73. Accordingly, it is very likely that Plaintiff will seek a substantial sum for emotional distress damages. *Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial."). Recent verdicts in employment cases confirm that emotional distress awards may be substantial:

1.    *Forer vs. St. Luke's Hospital*, United States District Court, N.D. California, 2001 WL 558058 (N.D. Cal. Mar. 21, 2001) (jury awarded **$260,000** for emotional distress in connection with the plaintiff's wrongful termination claim).

2.    *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal.Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs awarded **$375,000** and **$225,000** for emotional distress damages).

3.    *Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal.Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case.) *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum

DEFENDANTS' NOTICE AND PETITION OF REMOVAL OF ACTION

FP 54146605.1

where the complaint on its face does not identify a specific amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

## C.   Attorneys' Fees

29.   Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all causes of action. *See*, Fischbein Decl., **Exhibit A**, Compl., Prayer ¶ 4. In the language of the D.C. District Court, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams, supra*, 53 F.Supp.3d at p. 153. This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams, supra*, 53 F.Supp.3d at p. 152. Simply put, it is more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

## D.   Punitive Damages

30.   Plaintiff also seeks punitive damages. *See* Fischbein Decl., **Exhibit A**, Compl., Prayer ¶ 2. Many punitive damages verdicts exceed $75,000.00. *See Dunn v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Insurance Co.*, 897 F.Supp. 447, 451 (S.D. Cal. 1995). *See also, Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount of $75,000). For instance, the Court might find useful the following punitive damages verdicts:

1. *Songco v. Century Quality Management, Inc.*, Los Angeles Superior Court, 1997 WL 682397 (Cal.Super. Oct. 1997) (**$245,000** in punitive damages on $17,982 in compensatory damages awarded in wrongful termination case).

2. *Hogan v. Archdiocese of Los Angeles*, 2001 WL 803303 (Cal.Super.Ct. 2001) (awarding $**200,000** in punitive damages and $35,000 in economic damages on a pregnancy discrimination cause of action).

3. *Stevens v. Von Companies, Inc.*, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006) (sex discrimination case resulting in punitive damages award of **$475,000**).

4. *Ko v. Square Group, LLC*, 2014 WL 3542221 (Sup. Ct. Cal. June 16, 2014) (disability discrimination case resulting in punitive damages award of **$500,000**).

31.    Although Defendants adamantly deny that any award of damages, let alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, also satisfies the $75,000 requirement.

32.    Based on the nature of the allegations and damages sought in the Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest.

**E.    Plaintiff's Settlement Demand**

33.    In addition to looking at the nature of the allegations and the damages sought, this Court may also rely on Plaintiff's settlement demand "if it appears to reflect a reasonable estimate of plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, Plaintiff made an opening demand of $850,000. Plaintiff supported her demand by noting FEHA's lack of a cap on compensatory and punitive damages which has allowed for numerous seven figure verdicts and settlements based on claims for workplace sex/gender and pregnancy harassment and discrimination by citing to several recent cases. Fischbein Decl., ¶ 6. Plaintiff concluded that attorneys' fees in this case could easily total over $1,000,000, without including punitive damages, compensatory damages, or costs. *Id*. Given Plaintiff's opening  demand, Plaintiff's settlement demand is a reasonable estimate

DEFENDANTS' NOTICE AND PETITION OF REMOVAL OF ACTION

FP 54146605.1

of Plaintiff's claims, and this Court may rely on it in determining the amount in controversy. *See Briggs v. Serv. Corp. Int'l*, 653 F.Supp.3d 839, 844 (W.D. Wash. 2023) (Plaintiff's explanation for his settlement demand supports that it is a reasonable estimate to establish the amount in controversy.).

34.     Plaintiff's settlement demand is also sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00.

35.     Accordingly, this State Court action may be removed to the United States District Court for the District of California – Central Division because, at the time this action was filed and the present time, diversity jurisdiction exists.

## VIII.   THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

In accordance with 28 U.S.C. section 1446(a), the Declaration of Jason Fischbein in support of this Notice of Removal is accompanied by **Exhibits A** and **B**, which include copies of all process, pleadings, and orders served upon Defendant.

As required by 28 U.S.C. section 1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was served on Defendant. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (N.D. Ohio 2002).

In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, County of Los Angeles.

## IX.     NOTICE PROVIDED TO STATE COURT AND PLAINTIFFS

Written notice of this Notice of Removal and Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to hereto as **Exhibit 1** (without exhibits because this Notice is the exhibit). In addition, a copy of this Notice of Removal and Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Los Angeles. A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit 2** (without exhibits because this Notice is the exhibit).

**THEREFORE**, Defendants respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Los Angeles, be removed to the United States District Court for the Central District of California.

Dated: April 10, 2025                    **FISHER & PHILLIPS LLP**


By:*/s/ Jason Fischbein*
    James C. Fessenden
    Jason A. Fischbein
    Jasmine M. Samuels
    Attorneys for Defendants
    Circuit Transit Inc. and Alexander Esposito

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On April 10, 2025, I served the following document entitled **DEFENDANTS' NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Heather Conniff, Esq. (SBN 294153)<br>Cortney Shegerian, Esq. (SBN 296457)<br>Levon Derkalousdian, Esq. (SBN 334658)<br>**SHEGERIAN CONNIFF LLP**<br>620 Newport Center Drive, Ste. 380<br>Newport Beach, CA 92660 | Telephone: (310) 322-7500<br>Facsimile: (844) 721-5217<br>Email: hc@shegerianconniff.com<br>cs@shegerianconniff.com<br>ld@shegerianconniff.com<br>*Attorneys for Plaintiff, Dana Fakhreddine* |

☒ **[by MAIL]** – I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice the enclosed document(s) will be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** – I caused the enclosed document(s) to be delivered by messenger by hand to the office(s) of the person(s) whose addressee(s) are listed above. The messenger, employed by [     ] at [          ], is over the age of 18 years and not a party to this action.

☐ **[by ELECTRONIC SERVICE]** - Pursuant to an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the State of California at whose direction the service was made.

Executed on April 10, 2025, at San Diego, California.

_____
Angelica Green-Rosas

FP 54146605.1